**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 2:07-cv-85-WKW-WC** |
| | ) | |
| **SHERIFF WILLIE VAUGHNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' SPECIAL REPORT AND ANSWER

COME NOW Willie Vaughner, Sheriff of Lowndes County, Alabama, and Lowndes County, Alabama Sheriff's Office Captain Laura Gresham, the Defendants in the above-styled cause, and, in response to the Plaintiff's Complaint, submit their Special Report and Answer to the Court.

## I.    INTRODUCTION

The Plaintiff in this action, Robert Lee Allen, has been incarcerated on more than one occasion in the Lowndes County Jail. The incarceration from which his lawsuit arises began on August 8, 2006 when he was arrested for Receiving Stolen Property in the First Degree. The Plaintiff was released from the Lowndes County Jail on October 10, 2007 to the custody of the Autauga County Sheriff's Office due to the fact that a "hold" had been placed upon him by the district court of Autauga County, Alabama due to criminal charges brought against him there. The Plaintiff was returned to the Lowndes County Jail in January, 2007. (See Exhibit 1, Alabama Uniform Arrest Report, Consolidated Appearance Bond, Request for Hold, Order for Inmate Return, and Alabama Uniform Arrest Report noting Release.)

## II.    PLAINTIFF'S ALLEGATIONS

The Plaintiff in this matter alleges that the Defendants violated his constitutional rights by forcing him to eat unclean and spoiled food, denying him medical treatment, and subjecting him to unconstitutional conditions including unclean living conditions, no hot water for showers, and no outdoor exercise.

## III.    DEFENDANTS' RESPONSE TO THE PLAINTIFF'S ALLEGATIONS

The Defendants, Sheriff Willie Vaughner and Captain Laura Gresham, deny the allegations made against them by the Plaintiff as being untrue, and completely without basis in law or fact.  The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

It is the policy of the Lowndes County Sheriff's Office that inmates in the Lowndes County Jail be given a clean, wholesome, and balanced diet in order to maintain their physical health during the time they are incarcerated in the jail.  Members of the jail staff are charged with overseeing the production of food in the jail's kitchen, and ensuring that it is produced in a clean and sanitary environment and manner.  Service of food is overseen by members of the jail staff in order to ensure that the procedure is properly done, and that inmates receive the food that was intended for them.  All cooking and eating utensils are washed and sanitized on a regular basis, and the kitchen itself is cleaned daily.  (See Affidavit of Captain Laura Gresham, "Gresham Aff."; Affidavit of Sheriff Willie Vaughner, "Vaughner Aff.")

It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated.  In order to facilitate this goal, Lowndes County, Alabama

employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis. Inmates may, at any time, make requests for medical care. All inmate requests for medical care are forwarded to the jail nurse, who makes all decisions regarding further treatment. Should additional treatment be required, the nurse gives directions to the Jail Administrator, Captain Laura Gresham, in order that an appointment may be made with an outside physician. Inmates are routinely transported to such appointments. (See Gresham Aff.; Vaughner Aff.)

In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail. After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed. (See Gresham Aff.; Vaughner Aff.)

At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication. (See Gresham Aff.; Vaughner Aff.)

It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All

3

medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs. (See Gresham Aff.; Vaughner Aff.)

It is the policy of the Lowndes County Sheriff's Office that conditions in the Lowndes County, Alabama Jail be maintained in a clean, orderly, and wholesome manner. Laundry services are provided to inmates for bedding, clothing, and other items. Hot showers are available on a daily basis, unless security conditions dictate otherwise. Cleaning materials are made available to inmates for their cell areas, and inmates are required to keep those areas clean. Common areas of the jail are cleaned by trusty inmates. (See Vaughner Aff.; and Gresham Aff.)

It is the policy of the Lowndes County Sheriff's Office that inmates be allowed outside exercise, and access to fresh air and sunlight in the jail's recreation area as often as possible. Members of the jail staff are instructed that, when sufficient personnel are present, inmates be scheduled for outdoor recreation. (See Vaughner Aff.; and Gresham Aff.)

Contrary to the allegations made in the Plaintiff's Complaint, no inmate in the Lowndes County Jail is served unclean food. Similarly, the food carts used by the kitchen staff and the trusty inmates to transport food from one area of the jail to the other are not "filthy," but are cleaned after each meal. Also contrary to the Plaintiff's Complaint, food is not served off "metal baking trays" but is given to inmates on slotted plastic trays. These trays are, in fact, placed in the food carts on metal trays, but inmates are never given access to the metal trays themselves. (See Gresham Aff.)

4

Contrary to the Plaintiff's Complaint, food trays are not stacked one on top of another. Trays are stacked in the food carts to be delivered to the inmates separated on shelves, and the top of one never comes in contact with the bottom of another. In addition, all cooking and eating utensils are regularly cleaned. The Plaintiff's complaint that his utensils and cups are never washed, but kept in cells is untrue. Inmates may give members of the jail staff their cups, forks, or spoons at any time, for sterilization, and, each Friday, these items are collected and sterilized before being returned to the inmates. (See Gresham Aff.)

Inmates are served three hot meals per day at the Lowndes County Detention Facility. Meals are kept hot while being transported from the kitchen to the housing areas by being placed in a food cart designed for that purpose. Also, contrary to the Plaintiff's Complaint, no food which has spoiled is served to inmates. (See Gresham Aff.)

Meals are prepared at the Lowndes County Detention Facility in the jail kitchen according to a menu approved by a licensed dietician employed by the Lowndes County Board of Education. This meal plan has five set meals for meals to be served Monday through Friday, and choices may be made from the list for weekend meals. The only substitutions allowed on the list are those which have been approved by the dietician, or substitute one vegetable or meat or similar food group for another. (See Exhibit 2 and Gresham Aff.)

The Lowndes County Detention Facility is regularly inspected by the Alabama Department of Public Health. These inspections involve a thorough inspection of the food service, its equipment, as well as the building itself. The most recent inspection occurring near the time the Plaintiff was incarcerated took place on January 23, 2007. The Lowndes County Jail's Food Service Inspection on that date scored a 99 out of possible 100. (See Gresham Aff. and Exhibit 3.)

With regard to the Plaintiff's allegation that he was denied medical treatment, Defendants are unaware of any time that Inmate Allen was prevented from receiving necessary medical care. Inmate Allen, on numerous occasions, presented request forms to members of the jail staff concerning different medical issues. Each time, these request forms were forwarded to a member of the jail's medical staff, and Mr. Allen received care which was appropriate for the particular problem he may have had. Members of the jail staff have, in no way, interfered with the decisions of medical personnel with regard to the type, quantity, or frequency of treatment of Mr. Allen, or, for that matter, any other inmate. (See Exhibit 4, Inmate Request Forms; and Gresham Aff.)

During his incarceration in the Lowndes County Jail, Robert Allen was, on one occasion, given a prescription by his treating physician at the Autaugaville Family Health Center. On that occasion, the medication Doxepin was obtained for him and distributed to him according to his doctor's directions. The doctor also recommended that he receive an over-the-counter medication, Metamucil. No prescription was filled for this medication due to the fact that, as it is an over-the-counter medication, it was present at the Lowndes County Jail already. This medication was also distributed to Mr. Allen according to his doctor's directions. (See Exhibit 5; Gresham Aff.)

Contrary to the Plaintiff's Complaint, blankets and other bedding are laundered on a regular basis at the Lowndes County Detention Facility. Defendants know of no way that, as asserted by the Plaintiff, an inmate could have had possession of a blanket which had been laundered only once in five months. Laundry services are made available by the Sheriff's Office to all inmates for clothing, bedding, and other items on a regular basis. Blankets are

laundered each Wednesday, and the wash includes using Clorox dry bleach to ensure that the proper level of cleanliness is maintained. (See Gresham Aff.)

The Defendants know of no time that inmates in the Lowndes County Jail have been subjected to cold showers, unless there was an unusual demand during a period for hot water. The hot water system has a high capacity for the production of hot water, and provides it in all situations that Defendants are aware of. The Defendants have never had any complaint from the Plaintiff regarding cold showers, and were unaware of any such claim until the filing of the Plaintiff's Complaint. (See Gresham Aff.)

Inmates in the Lowndes County Jail are taken outside for exercise during the day shift, which is supervised by Captain Laura Gresham, at least two or three times per month. It is Captain Gresham's goal to increase this number, but this cannot be done until additional staff is available to supervise inmates inside and outside the facility. Whenever possible, and extra staff is available at the jail, inmates are given opportunities for exercise. The Defendants are unaware of any circumstance when the Plaintiff in this case, Robert Lee Allen, requested exercise outdoors, but was denied the ability to have such exercise. (See Gresham Aff.)

The State of Alabama Department of Corrections regularly inspects the Lowndes County Detention Facility. Areas such as the general maintenance to the building itself, its safety and security features, food services, medical services, and other areas are thoroughly examined. The latest such inspection was accomplished by the State of Alabama on February 8, 2007. In each area complained of by the Plaintiff, and, in fact, in all other areas, the Lowndes County Detention Facility was found to be compliant with the applicable laws, and in good repair. The inspector, in fact, concluded his or her report by stating, "It is obvious

that a good cleaning program is in place.  The jail looks good!!!"  (<u>See</u> Gresham Aff. and Exhibit 6, Jail Inspection Report dated February 8, 2007.)

It is the policy of the Lowndes County Sheriff's Office that members of the jail staff receive and answer any written grievances made by inmates.  Inmates may, at any time, submit grievances to members of the jail staff, in writing.  The jail staff is charged with the responsibility of receiving and forwarding these forms to the appropriate authority, and the officer receiving the request must answer the request, if possible.  (<u>See</u> Gresham Aff.)

All inmates are informed of the grievance procedure at the time they are booked into the jail, and, in addition, are given a copy of the jail's rules and regulations for inmates.  (<u>See</u> Gresham Aff.)

The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration.  (<u>See</u> Exs. 4 and 7.)  All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure.  No Defendant in this action remembers receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.  (<u>See</u> Gresham Aff.; Vaughner Aff.)

The Defendants in this matter, Lowndes County, Alabama Sheriff Willie Vaughner, and Lowndes County, Alabama Sheriff's Office Captain Laura Gresham, deny that they have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.  (<u>See</u> Gresham Aff.; Vaughner Aff.)

IV.    <u>LAW</u>

    A.    **ALL CLAIMS BY PLAINTIFF AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST FAIL BASED ON ELEVENTH AMENDMENT IMMUNITY AND BECAUSE THEY ARE NOT "PERSONS" UNDER 42 U.S.C. § 1983.**

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution.  <u>Parker v. Williams</u>, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Carr v. City of Florence, Ala.</u>, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a <u>person</u>, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983, and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  <u>Id.</u>; <u>Carr</u>, 916 F.2d at 1525 n.3 (11th Cir. 1990).

B.    PLAINTIFF'S FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT BARS THE COMPLAINT.

1.    Plaintiff has failed to exhaust all Administrative Remedies.

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e (a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Lowndes County Detention Center.  Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  Despite the availability of a grievance procedure at the Lowndes County Detention Center, Plaintiff did not file a grievance with the Lowndes County Detention Facility.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60.  The Sheriff of Lowndes County is a state officer, as are his alter egos, and therefore would be entitled to sovereign immunity.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).[1]

---

[1] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge

2.    **Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions. The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant. Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc). In the present action, Plaintiff suffered no physical injury as a result of the allegations described in his Complaint. (See Plaintiff's Compl.) Further, Plaintiff's Complaint fails to allege that he suffered an injury. As a result, the case is due to be dismissed pursuant to 42 U.S.C § 1997e(e).

---

September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

**C.    ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE NOTHING IN THEIR CONDUCT CROSSED A "BRIGHT LINE" CONTOUR OF CLEARLY ESTABLISHED CONSTITUTIONAL LAW.**

Defendants were acting within their discretionary authority as Sheriff and Detention Center officials of Lowndes County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.    See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004).    Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.    Saucier v. Katz, 533 U.S. 194, 201 (2001).    This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"    Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).    The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights?    Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.    See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).    A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."    Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424.    "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."

12

Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful.  He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law.  Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  The Eleventh Circuit has identified the latter method as an "obvious clarity" case.  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent."  Willingham, 321 F.3d at 1301.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit."  Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### 1.    Plaintiff's conditions of confinement claims.

In order to establish a conditions of confinement claim Plaintiff "must prove three elements:  (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element).  Whether a particular condition of confinement constitutes cruel

and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. Wilson v. Seiter, 502 U.S. at 290. In the instant case, the Plaintiff cannot establish either the objective or subjective components of his conditions of confinement claims.

### a.    Objective Component

With regard to the objective component, the Eleventh Circuit has held that "*extreme* deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment.[2] Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (emphasis in original). "[A] constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he Constitution does not mandate comfortable prisons." Chandler, 379 F.3d. at 1289. In the instant case, the Plaintiff cannot present evidence of any *extreme* deprivation that could be objectively considered "cruel and unusual."

### b.    Subjective Component

Even if the Plaintiff's conditions of confinement were objectively "cruel and unusual," there must still be evidence of subjective deliberant indifference on the part of each Defendant. "To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred

---

[2] "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving pretrial detainees.'" Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citations omitted).

from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986).  There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions.  Id. at 837-839.  No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996).  Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives.  LaMarca, 995 F.2d at 1536.  Furthermore, the United States Supreme Court has held that a significant injury is required in order to sustain a conditions of confinement claim. Porter v. Nussle, 534 U.S. 516, 528 (U.S. 2002).

Plaintiff cannot show that Defendants have been deliberately indifferent with regard to the conditions of confinement at the Lowndes County Detention Facility.  Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any actions of the Defendants constituted cruel and unusual punishment.  In this case, none of the conditions of which Plaintiff complains constitutes an excessive risk to his health or safety.  Plaintiff has not shown or even alleged how he has been injured as a result of any of his allegations.  Furthermore, the Plaintiff has not presented sufficient evidence to show that any impairment to his physical or mental condition actually resulted from the aforementioned environment.  In the instant case, even if there were an excessive risk to his health or safety, the Plaintiff has not sufficiently alleged that any of

15

the Defendants knew of or disregarded that risk. There are no grievances in the Plaintiff's file regarding his allegations of the conditions of his confinement. The Plaintiff has failed to sufficiently allege how each Defendant was deliberately indifferent to any alleged conditions. Plaintiff has failed to allege that he suffered any injury as a result of the conditions of his confinement.

Based on the foregoing, it is clear that the Defendants did not violate Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. Therefore, the Defendants are entitled to qualified immunity. Because the Plaintiff cannot meet the objective or subjective tests as set forth in <u>Farmer</u>, *supra*, his conditions of confinement claims are due to be dismissed.

**2.    Medical Claims**

In order to prevail under 42 U.S.C. § 1983 on his medical claim, Plaintiff must demonstrate that the Defendant was deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

<u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence"). Furthermore, where a prisoner has received medical

16

attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Defendants assume for purposes of their motion for summary judgment that Plaintiff had a serious medical condition.  However, Plaintiff was treated by the jail nurse as well as the jail medical doctor during his incarceration.  Plaintiff was given his prescribed medications according to his physician's directions.

An inmate does not have a right to a *specific* kind of treatment.  City of Revere v. Mass. Gen'l Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*") (emphasis added).  This Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff.  See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, the Defendants do not have any kind of medical education, training or experience.  They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates.  While the Eleventh Circuit has not had an opportunity to

visit this issue, the Eighth Circuit has addressed a similar claim.  In <u>Meloy v. Bachmeier</u>, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[3] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  302 F.3d at 847 <u>citing</u>, <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995).  Further, the <u>Meloy</u> court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription."  <u>Id.</u> <u>citing</u>, <u>Zentmyer v. Kendall County</u>, 220 F.3d 805, 812 (7th Cir. 2000).  Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision.  Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.  In addition, the jail staff, including the Defendants, are entitled to rely upon the judgments of the jail's medical staff in deciding what treatment, if any, should be rendered to inmates.  <u>See</u> <u>Williams v. Limestone County, Ala.</u>, 198 Fed. Appx. 893 (11th Cir. 2006); <u>Hill v. May, et al.</u>, Case No. 3:06-cv-1763-RDP (N.D. Ala.), Memorandum Opinion (Doc. 26), p. 20.

In the instant case, the evidence shows that Plaintiff was treated by the jail nurse and a medical doctor.  The Defendants, who are not trained and/or licensed medical providers, are in no way responsible for second-guessing the judgments of nurses and doctors and did not do so.  Therefore, the Defendants are entitled to qualified immunity from Plaintiff's claims.

---

[3] The medical director was a trained and licensed nurse.  302 F.3d at 846.

### D.     SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  Greason, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the non-movant's benefit.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[4]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Mass. Sch. of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

## V.     ANSWER

The Defendants in this action deny each and every allegation made by the Plaintiff against them.  In addition, Defendants assert the affirmative defenses of qualified immunity regarding the Plaintiff's federal law claims against them, and, insofar as the Plaintiff's Complaint may be construed to make claims against them pursuant to Alabama law, they assert the defense of sovereign immunity to such claims.

---

[4] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

VI.    **CONCLUSION**

The Defendants deny each and every allegation made by Plaintiff in his Complaint.  The Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

VII.    **MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

**s/Daryl L. Masters**
DARYL L. MASTERS, Bar No. MAS018
Attorney for Defendants
WEBB & ELEY, P.C.
Post Office Box 240909
7475 Halcyon Pointe Dr. (36117)
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rrobertson@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **4th day of May, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Robert Lee Allen
Autauga Metro Jail
136 North Court Street
Prattville, AL  36067-3002

**s/Daryl L. Masters**
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:07-cv-85-WKW-WC |
| | ) | |
| SHERIFF WILLIE VAUGHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF WILLIE VAUGHNER

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Willie Vaughner, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Willie Vaughner. I am over the age of nineteen and competent to make this affidavit. I am the duly elected Sheriff of Lowndes County, Alabama and was serving as such at the time of the incident made the basis of the Plaintiff's Complaint.

2.      It is the policy of the Lowndes County Sheriff's Office that inmates in the Lowndes County Jail be given a clean, wholesome, and balanced diet in order to maintain their physical health during the time they are incarcerated in the jail. Members of the jail staff are charged with overseeing the production of food in the jail's kitchen, and ensuring that it is produced in a clean and sanitary environment and manner. Service of food is overseen by members of the jail staff in order to ensure that the procedure is properly done, and that inmates receive the food that was intended for them. All cooking and eating utensils are washed and sanitized on a regular basis, and the kitchen itself is cleaned daily.

3.    It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated.  In order to facilitate this goal, Lowndes County, Alabama employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis.  Inmates may, at any time, make requests for medical care.  All inmate requests for medical care are forwarded to the jail nurse, who makes all decisions regarding further treatment.  Should additional treatment be required, the nurse gives directions to the Jail Administrator, Captain Laura Gresham, in order that an appointment may be made with an outside physician.  Inmates are routinely transported to such appointments.

4.    In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail.  After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.

5.    At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors.  No member of the jail staff is allowed to make any type of medical decisions for the inmates.  When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff.  Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider.  The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication.

2

6.    It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs.

7.    It is the policy of the Lowndes County Sheriff's Office that conditions in the Lowndes County, Alabama Jail be maintained in a clean, orderly, and wholesome manner. Laundry services are provided to inmates for bedding, clothing, and other items. Hot showers are available on a daily basis, unless security conditions dictate otherwise. Cleaning materials are made available to inmates for their cell areas, and inmates are required to keep those areas clean. Common areas of the jail are cleaned by trusty inmates.

8.    It is the policy of the Lowndes County Sheriff's Office that inmates be allowed outside exercise, and access to fresh air and sunlight in the jail's recreation area as often as possible. Members of the jail staff are instructed that, when sufficient personnel are present, inmates be scheduled for outdoor recreation.

9.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

10.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

3

11.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

12.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

13.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
WILLIE VAUGHNER


SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC
My Commission Expires: April 6, 2010

(SEAL)

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:07-cv-85-WKW-WC |
| | ) | |
| SHERIFF WILLIE VAUGHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF LAURA GRESHAM

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Laura Gresham, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Laura Gresham. I serve as the Jail Administrator for the Lowndes County, Alabama Jail and was serving in that capacity at the time of the incident made the basis of the Plaintiff's Complaint. I am over the age of nineteen and competent to make this affidavit.

2.    It is the policy of the Lowndes County Sheriff's Office that inmates in the Lowndes County Jail be given a clean, wholesome, and balanced diet in order to maintain their physical health during the time they are incarcerated in the jail. Members of the jail staff are charged with overseeing the production of food in the jail's kitchen, and ensuring that it is produced in a clean and sanitary environment and manner. Service of food is overseen by members of the jail staff in order to ensure that the procedure is properly done, and that inmates receive the food that was intended for them. All cooking and eating utensils are washed and sanitized on a regular basis, and the kitchen itself is cleaned daily.

3.    It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to

citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated. In order to facilitate this goal, Lowndes County, Alabama employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis. Inmates may, at any time, make requests for medical care. All inmate requests for medical care are forwarded to the jail nurse, who makes all decisions regarding further treatment. Should additional treatment be required, the nurse gives directions to me, as the Jail Administrator, in order that an appointment may be made with an outside physician. Inmates are routinely transported to such appointments.

4.     In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail. After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.

5.     At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication.

6.     It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the

2

proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs.

7.    It is the policy of the Lowndes County Sheriff's Office that conditions in the Lowndes County, Alabama Jail be maintained in a clean, orderly, and wholesome manner. Laundry services are provided to inmates for bedding, clothing, and other items. Hot showers are available on a daily basis, unless security conditions dictate otherwise. Cleaning materials are made available to inmates for their cell areas, and inmates are required to keep those areas clean. Common areas of the jail are cleaned by trusty inmates.

8.    It is the policy of the Lowndes County Sheriff's Office that inmates be allowed outside exercise, and access to fresh air and sunlight in the jail's recreation area as often as possible. Members of the jail staff are instructed that, when sufficient personnel are present, inmates be scheduled for outdoor recreation.

9.    Contrary to the allegations made in the Plaintiff's Complaint, no inmate in the Lowndes County Jail is served unclean food. Similarly, the food carts used by the kitchen staff and the trusty inmates to transport food from one area of the jail to the other are not "filthy," but are cleaned after each meal. Also contrary to the Plaintiff's Complaint, food is not served off "metal baking trays" but is given to inmates on slotted plastic trays. These trays are, in fact, placed in the food carts on metal trays, but inmates are never given access to the metal trays themselves.

10.    Contrary to the Plaintiff's Complaint, food trays are not stacked one on top of another. Trays are stacked in the food carts to be delivered to the inmates separated on shelves, and the top of one never comes in contact with the bottom of another. In addition, all cooking and eating utensils are regularly cleaned. The Plaintiff's complaint that his utensils and cups are never washed, but kept in cells is untrue. Inmates may give members of the jail staff their cups,

3

forks, or spoons at any time, for sterilization, and, each Friday, these items are collected and sterilized before being returned to the inmates.

11.     Inmates are served three hot meals per day at the Lowndes County Detention Facility.  Meals are kept hot while being transported from the kitchen to the housing areas by being placed in a food cart designed for that purpose.  Also, contrary to the Plaintiff's Complaint, no food which has spoiled is served to inmates.

12.     Meals are prepared at the Lowndes County Detention Facility in the jail kitchen according to a menu approved by a licensed dietician employed by the Lowndes County Board of Education.  This meal plan has five set meals for meals to be served Monday through Friday, and choices may be made from the list for weekend meals.  The only substitutions allowed on the list are those which have been approved by the dietician, or substitute one vegetable or meat or similar food group for another.

13.     The Lowndes County Detention Facility is regularly inspected by the Alabama Department of Public Health.  These inspections involve a thorough inspection of the food service, its equipment, as well as the building itself.  The most recent inspection occurring near the time the Plaintiff was incarcerated took place on January 23, 2007.  The Lowndes County Jail's Food Service Inspection on that date scored a 99 out of possible 100.

14.     With regard to the Plaintiff's allegation that he was denied medical treatment, Defendants are unaware of any time that Inmate Allen was prevented from receiving necessary medical care.  Inmate Allen, on numerous occasions, presented request forms to members of the jail staff concerning different medical issues.  Each time, these request forms were forwarded to a member of the jail's medical staff, and Mr. Allen received care which was appropriate for the particular problem he may have had.  Members of the jail staff have, in no way, interfered with the decisions of medical personnel with regard to the type, quantity, or frequency of treatment of Mr. Allen, or, for that matter, any other inmate.

4

15.    During his incarceration in the Lowndes County Jail, Robert Allen was, on one occasion, given a prescription by his treating physician at the Autaugaville Family Health Center. On that occasion, the medication Doxepin was obtained for him and distributed to him according to his doctor's directions. The doctor also recommended that he receive an over-the-counter medication, Metamucil. No prescription was filled for this medication due to the fact that, as it is an over-the-counter medication, it was present at the Lowndes County Jail already. This medication was also distributed to Mr. Allen according to his doctor's directions.

16.    Contrary to the Plaintiff's Complaint, blankets and other bedding are laundered on a regular basis at the Lowndes County Detention Facility. Defendants know of no way that, as asserted by the Plaintiff, an inmate could have had possession of a blanket which had been laundered only once in five months. Laundry services are made available by the Sheriff's Office to all inmates for clothing, bedding, and other items on a regular basis. Blankets are laundered each Wednesday, and the wash includes using Clorox dry bleach to ensure that the proper level of cleanliness is maintained.

17.    I know of no time that inmates in the Lowndes County Jail have been subjected to cold showers, unless there was an unusual demand during a period for hot water. The hot water system has a high capacity for the production of hot water, and provides it in all situations that I am aware of. I have never had any complaint from the Plaintiff regarding cold showers, and was unaware of any such claim until the filing of the Plaintiff's Complaint.

18.    Inmates in the Lowndes County Jail are taken outside for exercise during the day shift, which I myself supervise, at least two or three times per month. It is my goal to increase this number, but this cannot be done until additional staff is available to supervise inmates inside and outside the facility. Whenever possible, and extra staff is available at the jail, inmates are given opportunities for exercise. I am unaware of any circumstance when the Plaintiff in this

5

case, Robert Lee Allen, requested exercise outdoors, but was denied the ability to have such exercise.

19.    The State of Alabama Department of Corrections regularly inspects the Lowndes County Detention Facility. Areas such as the general maintenance to the building itself, its safety and security features, food services, medical services, and other areas are thoroughly examined. The latest such inspection was accomplished by the State of Alabama on February 8, 2007. In each area complained of by the Plaintiff, and, in fact, in all other areas, the Lowndes County Detention Facility was found to be compliant with the applicable laws, and in good repair. The inspector, in fact, concluded his or her report by stating, "It is obvious that a good cleaning program is in place. The jail looks good!!!"

20.    It is the policy of the Lowndes County Sheriff's Office that members of the jail staff receive and answer any written grievances made by inmates. Inmates may, at any time, submit grievances to members of the jail staff, in writing. The jail staff is charged with the responsibility of receiving and forwarding these forms to the appropriate authority, and the officer receiving the request must answer the request, if possible.

21.    All inmates are informed of the grievance procedure at the time they are booked into the jail, and, in addition, are given a copy of the jail's rules and regulations for inmates.

22.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

23.    I deny that they have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

6

24.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

25.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

26.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
LAURA GRESHAM


SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC

(SEAL)                    My Commission Expires: My Commisssion Expires May 19, 2008

8

# Exhibit 1
# Alabama Uniform Arrest Report, Consolidated Appearance Bond, Request for Hold, Order for Inmate Return, and Alabama Uniform Arrest Report noting Release

# ALABAMA UNIFORM ARREST REPORT

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes | ☐ Yes |
| ☒ No | ☒ No |

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| AL0450000 | LOWNDES | 101206-17322 | |

**IDENTIFICATION**

5 LAST, FIRST, MIDDLE NAME: ALLEN ROBERT LEE
6 ALIAS AKA

| 7 SEX ☒M ☐F | 8 RACE ☒W ☐B ☐ | 9 HGT 0603 | 10 WGT 0185 | 11 EYE BRO | 12 HAIR BLK | 13 SKIN MED | 14 ☐SCARS ☐MARKS ☐TATOOS ☐AMPUTATIONS |

16 PLACE OF BIRTH (CITY, COUNTY, STATE): PRATTVILLE, AL
16 SSN: 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
17 DATE OF BIRTH: 09 06 64
18 AGE 42
19 MISCELLANEOUS ID #

20 SID #
21 FINGERPRINT CLASS  HENRY CLASS  NCIC CLASS
22 DL # NA
23 ST NA
24 FBI #
25 IDENTIFICATION COMMENTS N/A

26 ☐RESIDENT ☒NON-RESIDENT
27 HOME ADDRESS: 1025 BLUEBERRY LR PRATTVILLE AL 36105
28 RESIDENCE PHONE (334) 361-5408
29 OCCUPATION NA

30 EMPLOYER: UNEMPLOYED
31 BUSINESS ADDRESS NA
32 BUSINESS PHONE NA

**ARREST**

33 LOCATION OF ARREST: LCDF
34 SECTOR #
35 ARRESTED FOR YOUR JURISDICTION? ☒YES ☐NO ☐OUT STATE AGENCY

38 CONDITION OF ARRESTEE: ☐DRUNK ☒SOBER ☐DRINKING ☐DRUGS
37 RESIST ARREST? ☐YES ☒NO
38 INJURIES? ☐OFFICER ☐ARRESTEE ☒NONE
39 ARMED? ☐Y ☒N
40 DESCRIPTION OF WEAPON ☐HANDGUN ☐RIFLE ☐SHOTGUN ☐OTHER FIREARM ☐OTHER WEAPON

42 DATE OF ARREST 10 12 06  7:17 ☐AM ☐PM ☐MIL
43 DAY OF ARREST ☐S☐M☐T☐W☐T☐F☐S
44 TYPE ARREST ☐ON VIEW ☐ON CALL ☐WARRANT
45 ARRESTED BEFORE? ☐YES ☐NO ☐UNKNOWN

46 CHARGE—1 ☐FEL ☐MISD: THEFT OF PROPERTY 1ST
47 UCR CODE 2305
48 CHARGE—2 ☐FEL ☐MISD
49 UCR CODE

50 STATE CODE/LOCAL ORDINANCE
51 WARRANT #
52 DATE ISSUED
53 STATE CODE/LOCAL ORDINANCE
54 WARRANT #
55 DATE ISSUED

56 CHARGE—3 ☐FEL ☐MISD
57 UCR CODE
58 CHARGE—4 ☐FEL ☐MISD
59 UCR CODE

60 STATE CODE/LOCAL ORDINANCE
61 WARRANT #
62 DATE ISSUED
63 STATE CODE/LOCAL ORDINANCE
64 WARRANT #
65 DATE ISSUED

66 ARREST DISPOSITION ☒HELD ☐BAIL ☐RELEASED ☐TOT—LE ☐OTHER
67 IF OUT ON RELEASE WHAT TYPE?
68 ARRESTED WITH (1) ACCOMPLICE
69 ARRESTED WITH (2) ACCOMPLICE

**VEHICLE**

70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY
78 VIN | 79 IMPOUNDED? ☐YES ☐NO | 80 STORAGE LOCATION/IMPOUND #
81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED  ☐CONTINUED IN NARRATIVE

**JUVENILE**

82 JUVENILE DISPOSITION: ☐HANDLED AND RELEASED ☐REF. TO JUVENILE COURT ☐REF. TO WELFARE AGENCY ☐REF. TO OTHER POLICE AGENCY ☐REF. TO ADULT COURT
83 RELEASED TO
84 PARENT OR GUARDIAN
85 ADDRESS
86 PHONE
87 PARENTS EMPLOYER
88 OCCUPATION
89 ADDRESS
90 PHONE

**RELEASE**

91 DATE AND TIME OF RELEASE 10 20 07 12:31 ☐AM ☐PM ☐MIL
92 RELEASING OFFICER NAME Sgt R. Brittlen
93 AGENCY/DIVISION SO
94 ID #
95 RELEASED TO: Autauga Co
96 AGENCY/DIVISION SO
97 AGENCY ADDRESS SO
98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐YES ☐NO ☐PARTIAL
99 PROPERTY NOT RELEASED/HELD AT:
100 PROPERTY # PO BOX 157 Hayneville AL. 36040
101 REMARKS

102 SIGNATURE OF RECEIVING OFFICER SGT. MONICA S. EDWARDS
103 SIGNATURE OF RELEASING OFFICER

104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐NARRATIVE
111 ARRESTING OFFICER: VAUGHNER, WILLIE (SHERIFF) 200 | 112 ID # | 113 ARRESTING OFFICER | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR.

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

# CONSOLIDATED APPEARANCE BOND
## (District Court, Grand Jury, Circuit Court)

IN THE _Circuit_ COURT OF _Lowndes_ , ALABAMA
      (Circuit or District)                    (Name of County)

STATE OF ALABAMA v. _Robert Allen_
                                    Defendant

I, _Robert Allen_ (Defendant), as principal,

and I (we), _____
              (Please print)

_____ , as surety(ies), agree
to pay the State of Alabama the sum of $ _80,000 00_ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on _____ (date) at _____ M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county, there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of

_Rec. Stolen Property 1st_ or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant _Rob Hall_ (L.S.) | |
|---|---|
| Address (print) _1025 Culver Lane_ | City _Pratt ville_   State _AL_   Zip _36067_ |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number     Telephone Number | Social Security Number     Telephone Number |
| Address (print)     City     State     Zip | Address (print)     City     State     Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number     Telephone Number | Social Security Number     Telephone Number |
| Address (print)     City     State     Zip | Address (print)     City     State     Zip |

_Willie Vaughner_
Approved by: Judge/Magistrate/Sheriff

_Feb 7, 2007_          _Capt. Laena Dish_
Date                        By: Deputy Sheriff

## Defendant's Information

| Date of Birth _9/6/1964_ | Sex _M_ | Height _6'3_ | Weight _195_ | Employer |
|---|---|---|---|---|
| Social Security Number _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_ | Race _Blk_ | Hair _Blk_ | Eyes _Bro_ | Employer's Address |
| Driver's License Number    State ( ) | | Telephone Number _(334) 361-5408_ | | Employer's Telephone Number |

COURT RECORD: Original          DEFENDANT: Copy          SURETY: Copy

2EX.10:43 02/07/2007 9860037
AM.AL0040002.AL0450000,AL0450001,AL0040000.

URGENT NOTICE OR REQUEST

TO:LOWNDES COUNTY JAIL
REF: ROBERT LEE ALLEN B/M 9-1-64
PLEASE PLACE A DETAINER ON THIS PERSON WE HOLD WARRANTS ON THIS PERSON
PICKUP WHEN HE IS READY TO BE RELEASED.
AUTH/SHERIFF JOHNSON
SEQ # 0060 MRI # 9860037

*ACSU*
*Tuesday*

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA     VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: 0 0), A STATE CONVICT,

PRESENTLY HOUSED AT *Lowndes Co* BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

*corky law?* AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

*Phillip W Wood*
*District Judge*

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

-----------------------------------------------------------------------

ACR365                    ORDER FOR INMATE RETURN       DC 2006 000214.00

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA     VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: 0 0), A STATE CONVICT,

PRESENTLY HOUSED AT _____ BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

WHIT MONCRIEF                                              CLERK

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes | ☐ Yes |
| ☒ No | ☒ No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| AL0450000 | LOWNDES | 080806-17322 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| ALLEN    ROBERT    LEE | NA |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒M ☐F | ☒W ☐B ☐A ☐I | 603 | 185 | BRO | BLK | MED | ☐ SCARS | ☐ MARKS | ☐ TATOOS | ☐ AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| PRATTVILLE AL. | 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 | 09 06 64 | 42 | |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | NA | NA |

| 24 FBI # | HENRY CLASS | | | | | | 25 IDENTIFICATION COMMENTS |
|---|---|---|---|---|---|---|---|
| | NCIC CLASS | | | | | | NA |

| 26 ☐ RESIDENT ☒ NON–RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 1025 BLUEBERRY LN PRATTVILLE  AL.36105 | (334) 361-5408 | NA |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| UNEMPLOYED | NA | NA ) |

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☒ YES  ☐ NO |
|---|---|---|
| CO. RD. 40 | | ☒ IN STATE  ☐ OUT OF STATE AGENCY |

| 36 CONDITION OF ARRESTEE | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| ☐ DRUNK  ☒ SOBER ☐ DRINKING ☐ DRUGS | ☒ YES ☐ NO | ☒ NONE ☐ OFFICER ☐ ARRESTEE | ☐ Y ☒ N | ☐ HANDGUN  ☐ OTHER FIREARM ☐ RIFLE  ☐ OTHER WEAPON ☐ SHOTGUN |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 08 08 06 | 7:09 ☐ 1. AM ☒ MIL. ☐ 2. PM | S M T W T☒ F S | ☒ ON VIEW ☐ WARRANT | ☒ YES ☐ NO ☐ UNKNOWN |

| 46 CHARGE–1 ☐ FEL ☒ MISD | 47 UCR CODE | 48 CHARGE–2 ☐ FEL ☐ MISD | 49 UCR CODE |
|---|---|---|---|
| THEFT OF PROPERTY 1ST | 2305 | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 56 CHARGE–3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE–4 ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|
| | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☒ HELD ☐ TOT–LE ☐ BAIL ☐ OTHER ☐ RELEASED | Autauga Co. | |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | |
|---|---|
| | ☐ CONTINUED IN NARRATIVE |

| 82 JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED  ☐ REF. TO WELFARE AGENCY  ☐ REF. TO ADULT COURT ☐ REF. TO JUVENILE COURT  ☐ REF. TO OTHER POLICE AGENCY | 83 RELEASED TO |
|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| | | |

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|
| | | | |

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 01 00 06 ☐ AM ☒ MIL. | | SO | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| Autauga Co. | | PO. box 157 Hayneville  A 736040 |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY |
|---|---|---|
| | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER |
|---|---|
| CPL. L.TAYLOR | Sgt Cottrell |

| MULTIPLE CASE# CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| INV.LEE | 205 | DEP.HARRIS | 208 | ID # | ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC–34 REV. 10-90

**Exhibit 2
Menu**

# COOK BY MENU

| MONDAY | TUESDAY |
|---|---|
| **BREAKFAST:** | **BREAKFAST:** |
| GRITS : TOAST : ASSORTED MEAT, JELLY, ~~MILK~~ Coffee | HASH BROWN : KETSUP : MEAT : BISCUTT : COFFEE *Jelly* |
| **LUNCH:** | *Spaghtti* **LUNCH:** |
| HOT DOG : FRENCH FRIES : GREEN SALAD : FRUIT | ~~TUNA~~ : GREEN SALAD : BREAD : SALAD DRESSING : JUICE |
| Blackeye *Peas* **SUPPER:** | **SUPPER:** |
| ~~TURNIP GREENS~~ : SMOKE SAUSAGE : CORN BREAD : CAKE | LIMA BEANS : CORNBREAD : FRIED CHICKEN : TEA |
| **SUBSTITUTE:** | **SUBSTITUTE:** |
| PORK & BEANS : COLLARD GREENS : BEEF PATTIES | PINTO BEANS : BLACK EYE PEAS |

| WEDNESDAY | THURSDAY |
|---|---|
| **BREAKFAST:** | **BREAKFAST:** |
| PANCAKES : SYRUP : EGGS OR ASSORTED MEAT : ~~MILK~~ | BISCUIT : JELLY : GRITS : ASSORTED MEAT : COFFEE |
| **LUNCH:** | **LUNCH:** |
| HAM : LETTUCE : TOMATOE : FRENCH FRIES : FRUIT : JUICE | CHICKEN PATTIES : PORK & BEANS : FRIES : BREAD : JUICE |
| **SUPPER:** | **SUPPER:** |
| CHILI MAC : GREEN BEANS : GREEN SALAD : BREAD : TEA | STEWED CHICKEN : RICE : BISCUTT : SM SALAD : TEA |
| | **SUBSTITUTE:** |
| | CORN : CORN BREAD DRESSING |

| FRIDAY | WEEKEND |
|---|---|
| **BREAKFAST:** | PLEASE FOLLOW MENU : ANY |
| GRITS : MEAT : TOAST : JELLY : FRUIT | SUBSTITUTE OR CHANGE OF MENU PLEASE LET JAIL STAFF KNOW A DAY BEFORE. |
| Chicken **LUNCH:** Finger | |
| ~~BEEF PATTIES~~ : GRAVY : CREAM *Fries* ~~POTATOES~~ : ~~SWEET PEAS~~ : BISCUTT | NOTE: PLEASE USE YOUR GLOVES AND HAIR NETS. |
| *Fish* **SUPPER:** *Creamed [?]* | |
| ~~PINTO BEANS~~ : BBQ CHICKEN : GREEN SALAD : ~~CORN BREAD~~ | NO SANDWICHS ON WEEKEND |
| Green [?] | **THANKS** |
| | LAURA GRESHAM/ JAIL ADMINISTRATOR |

**Exhibit 3**
**Food Establishment/Retail food Store Inspection Report**

# ALABAMA DEPARTMENT OF PUBLIC HEALTH

## FOOD ESTABLISHMENT / RETAIL FOOD STORE INSPECTION REPORT

SCORE 99

**Lowndes** COUNTY HEALTH DEPARTMENT

LEGAL NOTICE TO THE PROPRIETOR OR MANAGER: You are respectfully notified of such violations of the Alabama State Board of Health Rules for Food Establishment Sanitation as are indicated by a circle in the Inspection Report. This report constitutes an official notice to comply with Chapter 420-3-22 of the aforesaid Rules within a period of _____ days. Failure to comply with this notice may result in cessation of food service food store operations.

ESTABLISHMENT NAME: Lowndes County Jail
OWNER OR MANAGER NAME: Lowndes County Commission
ADDRESS: 653 Hwy South    Hayneville, AL    ZIP CODE: 36040

| PERMIT NUMBER | MO. DAY YEAR | INSP. TIME | PERMITTED | PRIORITY CAT. | COMPLIANCE VISIT/ INSP. REQUIRED | NO. OF CRITICAL ITEMS |
|---|---|---|---|---|---|---|
| INFLOW | 01 23 07 | OUT / IN | YES ☐ NO ☐ | | YES ___ NO ___ | |

*CRITICAL ITEMS REQUIRING IMMEDIATE ACTION

## MANAGEMENT AND PERSONNEL

| | | |
|---|---|---|
| 01* | Assignment of Person in Charge; Commissary used. Personnel with infections restricted, excluded. No discharge from eyes, nose, mouth. | 5 |
| 02* | Hands clean, properly washed. No bare hand contact; approved alternative. No eating, drinking, tobacco use. | |
| 03* | Demonstration of knowledge: Approved course, other requirements met. | |
| 04 | Clean clothes; Hair restraints; Nails. Authorized personnel. Other. | |

## FOOD

| | | |
|---|---|---|
| 05* | Safe; Source; Condition; Not adulterated; Shellstock tags; Compliance with plan/ROP. Other. | |
| 06* | Potentially hazardous food meets temperature requirements during receiving, cooking, hot holding, cooling. Pasteurized eggs used if required. | |
| 07* | Potentially hazardous food meets temperature requirements during cold holding. Time as a public health control. Consumer Advisory used if required. | |
| 08* | Food separated, protected from contamination. Testing. Returned, reserved of food. | |
| 09 | Cooling methods. Facilities to maintain product temperature. Plant food cooking. | |
| 10 | Properly labeled; Original container. Records. Code date limits. | |
| 11 | Thermometers provided, accurate, conspicuous. | |
| 12 | Approved thawing methods used. | |
| 13 | Food contamination prevented during storage, preparation, display, handling, other. | |
| 14 | In use, between use, food/ice dispensing utensils properly stored. | |

## EQUIPMENT, UTENSILS, AND LINENS

| | | |
|---|---|---|
| 15* | Equipment; food contact surfaces (non-cooking) clean; sanitized. Sanitization temperature, concentration, time. | 5 |
| 16* | Food contact surfaces characteristics. Single service/use used when required. | 4 |
| 17 | Cooking surfaces, non-food contact surfaces: clean. Frequency; Methods. | 1 |
| 18 | Food (ice), Non-food contact surfaces: constructed, cleanable, installed, located. | 1 |
| 19 | Warewashing facilities: designed, constructed, maintained, installed, located, operated. Accurate thermometers, Chemical test papers. | 1 |
| 20 | Linens properly stored, dried, handled. Laundry facilities used. | 1 |
| 21 | Wiping cloths; clean, use limitations, stored. | 1 |
| 22 | Storage, handling, drying of clean equipment, utensils. | 1 |
| 23 | Single service articles, storage, dispensing, wrapped, Use limitations. Gloves used properly. | 1 |

## WATER, PLUMBING, AND WASTE

| | | |
|---|---|---|
| 24* | Water: Source, Quality, Capacity, System; Approved. | 4 |
| 25* | Sewage, grease disposal: System approved; Flushed (mobile). | 4 |
| 26* | Cross connection; Back siphonage; Backflow. | 4 |
| 27* | Handwashing facilities; Toilets: Number, location. | 4 |
| 28 | Water supply/Waste disposal: Approved system; fixtures, materials; design, operation; maintenance. Other liquid wastes properly disposed. Service sink provided. | 1 |
| 29 | Handwashing facilities: Soap, towels/drying device, sign, use restrictions. | 2 |
| 30 | Toilet rooms constructed, supplied. | 1 |
| 31 | Refuse, recyclables, and returnables. Outdoor/Indoor storage area approved. Receptacles provided; covered. Approved refuse disposal method. | 1 |

## PHYSICAL FACILITIES

| | | |
|---|---|---|
| 32* | Food contamination from cleaning equipment prevented. | 4 |
| 33* | Presence of insects, rodents, other pests, Animals prohibited. | 4 |
| 34 | Pests control methods approved, used. Pest control devices serviced as required. | 1 |
| 35 | Premises, Free of litter, harborage. | 1 |
| 36 | Floors, walls, ceilings, attached equipment: clean. Outer openings protected. Surface characteristics, indoor, outdoor: Maintained. Cleaning frequency, dustless methods. Absorbent floor materials properly used. | 2 |
| 37 | Lighting, Ventilation: adequate. Ventilation system (filters), clean, operated. Lights shielded. | |
| 38 | Dressing rooms provided. Employee designated areas properly located. Living/sleeping quarters separation. | 1 |
| 39 | Cleaning, maintenance tools properly stored. | 1 |

## POISONOUS OR TOXIC MATERIALS

| | | |
|---|---|---|
| 40* | Toxic or poisonous items; Medicines; First aid materials stored; Labeled; Used. | 4 |
| 41 | Other personal care/first aid items: Stored; Labeled. Toxic or poisonous materials separation; Non-toxic tracking powder. | |

## OTHER

| | | |
|---|---|---|
| 42 | Permit, Report, Other properly posted. Administrative requirements, HACCP plan. | 1 |

RECEIVED BY: Name _____ Title Captain
INSPECTED BY: Name _____

REMARKS _____

ADPH-FLP-103/Rev. 11-04-kw

Page 1 of ___

**Exhibit 4**
**Inmate Request Forms dated 9/12/06; 09/06/06;**
**09/07/06;09/08/06; 09/14/06; 08/18/06; 08/10/06; and**
**09/19/06**

# INMATE REQUEST FORM

**DATE:** 9/12/06          **TIME:** 0600 HR

**NAME:** Robert Allen          **BOOKING#** _____    **CELL#** A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

### Briefly state your request then give to an officer

Spider Bite on Stomach And not
using the Bathroom 18 days
This is my last Request I Am putting
in About this Matter

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

### ACTION TAKEN

DATE: _____          TIME: _____

_____

_____

_____

_____

    Action taken by: _____
                          Signature

LOWNDES COUNTY DETENTION FACILITY
INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Allen     Cell: A-1

Date: 9/6/06     Time: _____

SSN: 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   DOB: 9/1/66     Race/Sex: B M

Please check one of the following:

___ Appeal of Grievance/Disciplinary     ___ Court Date Information

___ Bond Information     ✓ Medical Information

___ Charges Information     ___ Classification Information

___ Commissary / Money Clerk Information     ___ Visitation Information

___ Request To Visit Law Library

Briefly State Your Request Then Give To Jail Officer

I Havent been to the bathroom
In 10 Days I need to see you right away
to resolve this matter My stomach feels like I
Got A Brick inside of it.
Thank you for your speedy cooperation
in this matter

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____

Date: _____ Time: _____

Date _____    ACTION TAKEN    Time: _____

INMATE REQUEST FORM

**DATE:** 9/07/06          **TIME:** 6:00

**NAME:** Robert Allen     **BOOKING#** _____     **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

Briefly state your request then give to an officer

I still haven't went to the Bathroom the fiber Laxitive did not work

_____
_____
_____
_____

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN

DATE: _____          TIME: _____

_____
_____
_____
_____

# INMATE REQUEST FORM

DATE: _9/8/06_    TIME: _8:00_
NAME: _Robert Allen_    BOOKING# _____    CELL# _A-1_

Please check ONLY ONE of the following:

___ GRIEVANCE                  _✓_ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY     ___ PROPERTY
___ LAUNDRY                    ___ VISITATION
___ CHARGES/ BOND INFORMATION  ___ MAIL
___ MONEY INFORMATION          ___ OTHER

Briefly state your request then give to an officer

_A spider bite on my stomach_
_2 times_

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____    DATE: _____    TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: _____        TIME: _____

Action taken by: _____
                        Signature

# INMATE REQUEST FORM

DATE: 9/14/06      TIME: 0600

NAME: Robert Allen      BOOKING# _____      CELL# A-t

Please check ONLY ONE of the following:

| | |
|---|---|
| ___ GRIEVANCE | ✓ MEDICAL/ DENTAL |
| ___ APPEAL OF DISCIPLINARY | ___ PROPERTY |
| ___ LAUNDRY | ___ VISITATION |
| ___ CHARGES BOND INFORMATION | ___ MAIL |
| ___ MONEY INFORMATION | ___ OTHER |

Briefly state your request then give to an officer

I Need to Go And see A Doctor
For this Spider Bite

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST Sgt. Cottrell    DATE 9-14-06   TIME: 7:35

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

ACTION TAKEN

DATE: _____      TIME: _____

Action taken by: _____
           Signature

Note: Please print all information.

Name: Robert Lee Allen        Cell: A-1

Date: 8/18/06                 Time: 0900 HRS

SSN: 267-75 5691 / DOB: 9/1/64     Race/Sex: BIK/M

Please check one of the following: 3

___ Appeal of Grievance/Disciplinary    ✓ Court Date Information

___ Bond Information                     ✓ Medical Information

___ Charges Information                  ___ Classification Information

___ Commissary / Money Clerk Information  ___ Visitation Information

                    ✓ Request To Visit Law Library    Thank you!
                                                       For your cooperation

Biefly State Your Request Then Give To Jail Officer

Severe  Head  Aches

_____

_____

_____

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____
                              Date:_____ Time:_____
..............................................................
                    ACTION TAKEN          Time:_____

_____

_____

_____

# LOWNDES COUNTY DETENTION FACILITY
## INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Allen                    Cell: BK 2

Date: 8 / 10 / 06                     Time:

SSN: 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   DOB: 9/1/64        Race/Sex: B / m

Please check one of the following:

__ Appeal of Grievance/Disciplinary      __ Court Date Information

__ Bond Information                      ✓ Medical Information

__ Charges Information                   __ Classification Information

__ Commissary / Money Clerk Information  __ Visitation Information

                    __ Request To Visit Law Library

Briefly State Your Request Then Give To Jail Officer

I Got Hit in the eye After being Arrested
And i can't see nothing but shawdows out of it
its been 3days Ago when it happen I had surgery
on that eye it was remove And put back in to
take out A Tumor whit maligma Transfor mation

## DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request:

                        Date:_____  Time:_____

Date:_____      ACTION TAKEN      Time:_____

# INMATE REQUEST FORM

DATE: 9/18/06          TIME: 0600
NAME: Robert Allen          BOOKING#_____ CELL# A-f

Please check ONLY ONE of the following:

___ GRIEVANCE                        ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY           ___ PROPERTY
___ LAUNDRY                          ___ VISITATION
___ CHARGES BOND INFORMATION         ___ MAIL
___ MONEY INFORMATION                ✓ OTHER

Briefly state your request then give to an officer

I would like to speak with the Chief
URGent!


                        Thank You!


## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST Sgt. Cottwell DATE: 9-19-06 TIME: 7:58

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN
DATE: _____                    TIME: _____


_____
_____
_____
_____

        Action taken by: _____
                            Signature

# Exhibit 5
# Prescription for Robert Allen dated 09/06/06

HEALTH SERVICES, INC.

| Autaugaville Family Health Center 203 N. Taylor Street Autaugaville, AL 36003 (334) 365-4524 DEA: AH 330681 ♦ Medicaid No. 60027 | Clanton Family Health Center 104 Popwell Avenue Clanton, AL 35045 (205) 755-3980 | Lowndes County Health Services Association 100 Oak Street Hayneville, AL 36040 (334) 548-2516 | Goodwater Family Health Center 252 South Main St Goodwater, AL 35072 (256) 839-1758 DEA: BM 3976541 ♦ Medicaid No. 02635 | Eclectic Family Health Center 145 Main Street Eclectic, AL 36024 (334) 541-2116 |

Medical Dept. Physicians

Name: Robert Allen     Date: 9/1/06

Address:

| | mg./cc. | NO. | SIG. | Ref. |
|---|---|---|---|---|
| Doxepin | 50mg | 90 | I P-o- Tid | φ |
| Metamucil | — | 1 box | I Tablespoon 2x day | |
| Do not Fill | | | | |

DRUG TOTAL

| Seema Maheshwari, M.D. 22924 | Oluyinka Adediji, M.D. 24570 | Gabbriel U. Nazareno, M.D. 23197 | F. David Jones, CRNP 1-073567-1810 |
|---|---|---|---|
| George G. Thomas, M.D. 11533 | Vanessa Brown, CRNP 1-040187-1193 | | |

Label all prescriptions
NO REFILLS
DEA NO: _____

Product Selection Permitted

Dispense as written

HSI Form 232 (old 001)

| RELEASE/ DC | NAME | DRUG | STOP DATE | GROUP | RX# |
|---|---|---|---|---|---|
| | ALLEN, ROBERT | DOXEPIN 50MG CAPSULE | 10/21/2006 | LA | 6464791 |

Signiture _____

# Exhibit 6
# Jail Inspection Report dated February 8, 2006

N911
DOC form 914
Rev. 2/94



# STATE OF ALABAMA

**DEPARTMENT OF CORRECTIONS**
Engineering Administrative Division
2265 Maron Spillway Road
Elmore, Alabama 36025
(205) 567-1556



# JAIL INSPECTION REPORT

Sheriff/Chief of Police  WILLIE VAUGHAM

City  HAYNEVILLE

County  Lowndes

Phone No.

Jail  LOWNDES COUNTY

Date  2-8-2007

Time  9:35 AM

Inspector  SIDNEY PCCDGERS

This is to report conditions of your jail as of this date of inspection. Please carefully note and make needed corrections. These adjustments are necessary to bring your facility into compliance with the standards set forth in Title 14, Code of Alabama, 1975.

## —CHECK MARK indicates most accurate description—

**WHAT GOVERNING BODY
HAS SUPERVISORY POWER?**

City Council _____ County Commission ✓

**POPULATION:**  88/2

STATE
W/M___B/M___W/F___B/F___TOTAL ___

COUNTY
W/M___B/M___W/F___B/F___TOTAL ___

CITY
W/M___B/M___W/F___B/F___TOTAL ___

FEDERAL
W/M___B/M___W/F___B/F___TOTAL ___

JUVENILES
W/M___B/M___W/F___B/F___TOTAL  0
GRAND TOTAL  90

**JAIL CAPACITY:**

MALE 00 FEMALE 11 JUVENILE 0 TOTAL 111

1. Are Female Prisoners
   housed separately? ... YES ✓ NO___NONE___

2. Are separate quarters
   available for Juveniles?... YES___NO___NONE ✓

3. Number of state inmates ON WAIVER _____

**JAIL EMPLOYEES:**

1. Number of Jailers .......................... 4
2. Number of Matrons ..........................
3. Other Employees ..........................
4. Are Jailers POST Certified?........... YES ✓ NO___

**BUILDING:**

GENERAL APPEARANCE:

1. Exterior ............ Poor___Fair___Good ✓
2. Interior ............. Poor___Fair___Good ✓
3. Fence .............. Poor___Fair___Good ✓ None___
4. Yard ............... Poor___Fair___Good___None ✓
5. Type of
   Construction: .. Brick ✓ Cement___Wood___Other ✓
6. Year Constructed:  1999
7. Types of
   Locking Devices:.............. Manual ✓ Electric ✓
8. Condition of
   Locking Devices:.... Poor___Fair___Good___None___
9. Observation
10. Windows: ......... Poor___Fair___Good ✓ None___
11. Screens: ......... Poor___Fair___Good___None ✓
12. Grills: .......... Poor___Fair___Good___None ✓
13. Windows: ......... Poor___Fair___Good___None ✓
14. Cells: .......... Poor___Fair___Good ✓ None___

**SAFETY FEATURES:**

1. Emergency Exits: ... Poor___Fair___Good___None ✓
2. Fire Apparatus: ..... Poor___Fair___Good___None ✓
3. Stairways: ......... Poor___Fair___Good ✓ None___
4. Elevators: ......... Poor___Fair___Good___None ✓

5. Is there an EMERGENCY
   (fire) EVACUATION plan POSTED? ... YES ✓ NO___
6. Are Fire and Safety
   precautions observed?................. YES ✓ NO___
   If NOT, explain in Comments section.

**TRAINING:**

IN-SERVICE: ...................... YES ✓ NO___
Other: ..........................

**ARE OPERATING
PROCEDURES WRITTEN?** ......... YES ✓ NO___

**IS THERE A
PRINTED MANUAL?** ............... YES ✓ NO___

**JAIL RECORDS:**

1. Arrest Record ..................... YES ✓ NO___
2. Are personal property and cash
   receipted? ....................... YES ✓ NO___
3. Visits ........................... YES ✓ NO___
4. Medical .......................... YES ✓ NO___
5. Commitment and Discharges ...... YES ✓ NO___
   Are Jail Records Adequate? ... YES ✓ NO___
   Are Prisoners Fingerprinted? ...... YES ✓ NO___
   Are Prisoners Photographed? ...... YES ✓ NO___

**SECURITY:**

1. Is the jail
   reasonably secure? .............. YES ✓ NO___
2. Are periodic inspections made
   of security facilities? ......... YES ✓ NO___
3. Are firearms stored safely? ........ YES ✓ NO___
   Where are they stored? _____
   LOCK BOXES
4. Are there regulations
   prohibiting carrying of
   firearms into the Jail? ......... YES ✓ NO___
5. KEY CONTROL:
   Are keys ever in
   possession of inmates? .......... YES___NO ✓
   Are keys properly stored
   and accounted for? .............. YES ✓ NO___
6. How often are
   prisoners quarters visited?  CCTV
   IC CCTV -
7. Is jailer on duty
   24 hours daily? .................. YES ✓ NO___
8. Are CHECKS conducted
   at night? ........................ YES ✓ NO___
   Are CHECKS logged? ............. YES ✓ NO___
9. Are complete
   SHAKEDOWNS accomplished? ... YES ✓ NO___
10. Are periodic
    COUNTS conducted? ............. YES ✓ NO___

Page 1 of 3

11. Are CONTRABAND CONTROL
procedures in effect? ............ YES___NO___

**12. INMATE VISITS:**
When are visits allowed?
Daily___Semi-Weekly___Weekly___Other___

Who is allowed to visit inmates?
Relatives ...................... YES___NO___
Friends ....................... YES___NO___
Clergy ........................ YES___NO___
**Are CONTACT VISITS allowed?** ... YES___NO___

**13. INMATE MAIL:**
Are INCOMING MAIL
and packages INSPECTED? ....... YES___NO___

14. Do new prisoners receive
instructions about JAIL RULES? ... YES___NO___
Are these instructions: VERBAL___WRITTEN___

**15. TRUSTIES:**
Are TRUSTIES used? ......... YES___NO___
Who selects the TRUSTIES?
Sheriff/Chief___Jailer___Other___

16. Are inmates in UNIFORM? ....... YES___NO___
Coveralls___Pants & Shirts___
**Are uniforms MARKED?** ....... YES___NO___

**DISCIPLINARY PROCEDURES:**

1. Does the jail hold
DISCIPLINARY HEARINGS? ...... YES___NO___

2. Who exercises disciplinary authority?
Sheriff/Chief___Jailer___Other___

**FOOD SERVICES:**
General Condition
Kitchen .............. POOR___FAIR___GOOD___
Tables .............. POOR___FAIR___GOOD___
Shelves .............. POOR___FAIR___GOOD___
Screens .............. POOR___FAIR___GOOD___

1. Is the cook paid? ................ YES___NO___

2. Who supervises the Kitchen? ___STEWARD___

3. Who plans the Menu? ___DIETITIAN___

4. Do inmates assist
in food preparation? .............. YES___NO___

5. What type of eating
utensils are used?
Plastic___Paper___Metal___Other___
Are the utensils washed? .......... YES___NO___
How Washed? .......... HAND___SANITIZER___

6. Are the standards of
sanitation adequate? ............. YES___NO___

7. Is copy of menu available
on the date of inspection? ......... YES___NO___

8. Do paid employees supervise
the serving of meals? ............. YES___NO___

9. Is the diet adequate? ............. YES___NO___

10. Number of meals served per day?
1___2___3___

11. Food Preparation .... POOR___FAIR___GOOD___
Quality ............. POOR___FAIR___GOOD___
Quantity ............. POOR___FAIR___GOOD___

12. Storage of Food ..... POOR___FAIR___GOOD___
Refrigeration ........ POOR___FAIR___GOOD___

13. Are Commissary (or store)
purchases available to inmates? ... YES___NO___

**SANITATION AND PERSONAL HYGIENE:**

1. Is there a systematic
CLEANING PROGRAM in effect? .. YES___NO___

2. Are adequate TOOLS and
CLEANING MATERIALS available? YES___NO___

3. What type of BEDDING
is provided? Sheets___Blankets___
Mattress Cover___ Pillow ___ Pillow Case ___
HOW OFTEN IS BEDDING
LAUNDERED?
Semi-Weekly ___ Weekly ___ Other ___

4. Are excessive FOOD or
unnecessary ITEMS in CELLS? .... YES___NO___

5. Is DRINKING WATER available
at all times? ..................... YES___NO___

6. Are HOT and COLD WATER
available for bathing? ......... YES___NO___

7. Are HEATING and
VENTILATION adequate? ......... YES___NO___

8. Is LIGHTING adequate? .......... YES___NO___

9. Condition of PAINT?
Interior .............. POOR___FAIR___GOOD___
Exterior .............. POOR___FAIR___GOOD___

10. Are BATHING FACILITIES
available to all inmates? .......... YES___NO___

11. Are SOAP and
TOWELS available? ............... YES___NO___

12. HOW OFTEN are inmates
REQUIRED TO BATHE?
Daily___Semi-Weekly___Weekly___Other___

13. CONDITION OF PLUMBING
Are there LEAKING PIPES
in the Jail? ..................... YES___NO___
COMMODES ..... POOR___FAIR___GOOD___
LAVATORIES .... POOR___FAIR___GOOD___
SHOWERS ....... POOR___FAIR___GOOD___

14. Does the Jail have a
PEST CONTROL program? ....... YES___NO___
How often treated? ___MONTHLY___
By Whom? ___CONTRACT___

**MEDICAL SERVICE:**

1. Name of PHYSICIAN?
___HEALTH SERVICES___

2. How often do physicians
visit the jail/facility? ___RN   M.W.F___
Daily _____ Weekly _____ On-Call ___
Other (specify) ___

3. What HOSPITAL facilities
are used for inmates? ___GREENVILLE &___
___MONTGOMERY___

4. Is the Veneral Disease Act enforced
(Title 22, Chapter 16-7)? ___ YES___NO___

**INMATE PROGRAMS:**

1. Are Counseling Services available? .. YES___NO___

2. Recreation Facilities ................ YES___NO___
Types Provided: ___OUTSIDE   YARD___

3. Educational Opportunity ............ YES___NO___
Types Offered: ___

**COMPLAINTS:**

1. Are there justifiable complaints? ... YES___NO___

2. Is Jail involved in Litigation? ......... YES___NO___
If YES, type. ___FOOD___

3. Is the Jail or Facility
Racially Integrated? ................. YES___NO___

4. Is there a Current
Grand Jury Report on the Jail? ...... YES___NO___

**INSPECTORS COMMENTS:**

PUBLIC HEALTH INSPECTION
01 23 07 KITCHEN (99)

SWANSON COMMISSARY USED

IT IS OBVIOUS THAT A GOOD CLEANING
PROGRAM IS IN PLACE

JAIL LOOKS GOOD!!!

Inspector's Signature

Time of Completion _____

Copy Received By: _____
SIGNATURE

Date _____  Office _____

SIGNATURE

Date _____  Office _____

Copy: State Fire Marshal ☐
County Health Department ☐
Page 3 of 3

**Exhibit 7**
**Inmate Request Form dated 08/31/06 and 08/25/06**

# INMATE REQUEST FORM

**DATE:** 8/31/86  **TIME:** 0 700
**NAME:** Robert Allen  **BOOKING#** _____  **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE  ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY  ___ PROPERTY
___ LAUNDRY  ___ VISITATION
___ CHARGES/ BOND INFORMATION  ___ MAIL
___ MONEY INFORMATION  ✓ OTHER

Briefly state your request then give to an officer

I need my Case # number
you said you would give it to me today
if i turn this Request form in

Thank you Kindly

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST _____ DATE: 8/31/06 TIME: 6:41 AM

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN
DATE: 8/31/06  TIME: _____

Charge: theft of Property 1ST $20,000.00

Action taken by: _____
Signature

# INMATE REQUEST FORM

**DATE:** 8/25/06     **TIME:** 11:24

**NAME:** Robert Allen    **BOOKING#** _____    **CELL#** A-1

Please check **ONLY ONE** of the following:

___ GRIEVANCE              ___ MEDICAL/ DENTAL

___ APPEAL OF DISCIPLINARY    ___ PROPERTY

___ LAUNDRY               ___ VISITATION

✓ CHARGES/ BOND INFORMATION    ___ MAIL

___ MONEY INFORMATION       ___ OTHER

### Briefly state your request then give to an officer

What Am i Charge with whether its A felony or misdemeaner i would like to Know What charges Also I want to Know what other StAte AN local Are if Agency that has holds on me. And i need to Know Any My case number. Thank you Kindly for your Cooperation

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST Cpl. L. Bulter DATE: 8/24/06 TIME: 172

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

### ACTION TAKEN

DATE: _____         TIME: _____

_____

_____

_____

_____

Action taken by: _____
Signature